## TRAITEL MARBLE CO. v. U. T. HUNGERFORD BRASS & COPPER CO.

District Court, S. D. New York.   September 18, 1929.

Robert W. Hardie, of New York City, for plaintiff.

Darby & Darby, of New York City (Samuel E. Darby, Jr., of New York City, and George D. Seymour, of New Haven, Conn., of counsel), for defendant.

THACHER, District Judge. ▉ In the Circuit Court of Appeals a decree granting a preliminary injunction in this case was affirmed [22 F.(2d) 259], and it was then held that the patent in suit was valid and unanticipated by anything in the prior art. Among the patents before the Circuit Court of Appeals was the patent to Kahn (No. 1,033,106), which is now urged in anticipation. Reference is also made to four patents (Warmoth, No. 1,226,149; Baker, No. 1,178,700; Hense, No. 227,898; and Ferguson, No. 1,223,045), which were not considered by the Circuit Court of Appeals. None of these patents comes so close to anticipation as the Kahn patent and Mainzer's British patent No. 3,947, A. D. 1901, both of which were carefully considered by the Circuit Court of Appeals. The present attack upon the validity of this patent seeks a determination contrary to the decisions of the Circuit Court of Appeals in 18 F. (2d) 66, and in 22 F.(2d) 259, and defendant therefore attempts to avoid the effect of these decisions by proof that the Calkins device is not, as was found in 18 F.(2d) 66, 67, "used in nine-tenths of all the 'Terazzo' mosaic laid in this country."

Plaintiff in its prima facie case relied upon the presumption of validity, reinforced by the decisions of the Circuit Court

of Appeals. The defendant then adduced proof that other devices have enjoyed an extensive sale. There was no rebuttal, because the only witness called by plaintiff became ill before his cross-examination, and his testimony was excluded from the record. While the state of the present record is such that one would hardly be justified in concluding that the invention was quite so important as the Circuit Court of Appeals upon a different record found it to be in 18 F.(2d) 66, the mere fact that it has not driven all competing articles from the market does not warrant conclusion that there was no invention. It is merely one of many circumstances which may bear upon the question, and is of too little importance to justify this court in disregarding the considered decisions of the Circuit Court of Appeals that the patent in suit is valid.

Infringement being admitted, decree for plaintiff must follow, unless the defense of estoppel prevails. On appeal from the decree granting the preliminary injunction, the Circuit Court of Appeals considered the procedure upon Calkins' application for reissue of his original patent, No. 1,371,857, and concluded that the only claims abandoned were those of the original patent. Having failed in its defense of abandonment, the defendant now asserts as an estoppel that its officers examined the oath of Calkins, filed in the Patent Office in support of his application for reissue and his statements therein contained, to the effect that the continuous lower edge was known to the art, and that his invention, to be valid at all, must be limited to slits running to the bottom of the strip, and in reliance upon these statements commenced the manufacture and sale of metal strips embodying the continuous lower edge. In conceding the invalidity of claims covering a strip having a continuous lower edge, Calkins misjudged the prior art, as the Circuit Court of Appeals has now determined; but the defendant, then being sued for infringement of the reissue patent, was quick to seize upon the file wrapper concession as justifying its manufacture and sale of the strip having a continuous lower edge. This it did upon advice of counsel, after submitting various forms of strip for opinion as to whether they could be manufactured without fear of the consequences of infringement.

In considering this defense of estoppel, it should be enough to say that the ad-missions of invalidity upon which the defendant relies involved erroneous conclusions of law, founded upon facts with which both parties were thoroughly familiar, because of the.litigation between them involving the validity of the reissue patent. Under these circumstances, there was no basis for estoppel. Sturm v. Boker, 150 U. S. 312, 336, 14 S. Ct. 99, 37 L. Ed. 1093. Not every ill-advised admission made in the prosecution of a patent application may be seized and acted upon, and thus made the basis of estoppel. Haughey v. Lee, 151 U. S. 282, 14 S. Ct. 331, 38 L. Ed. 162; Lapeer Trailer Corp. v. Freuhauf Trailer Co. (D. C.) 24 F (2d) 595, 597; Commercial Mfg. Co. v. Fairbank Canning Co. (C. C.) 27 F. 78. Estoppels arise only from conduct upon which others may reasonably be expected to rely. Once a patent issues, the patent itself defines the patentee's claim of right, and it is to the claims of the patent, and not to the file wrapper, that others must look in ascertaining the rights which may be asserted by the patentee. Prior admissions, made in the prosecution of the application for patent, cannot be relied upon in derogation of the clear intent of the grant, and no estoppel against assertion of the validity of the grant can arise from such admissions, because the issuance and acceptance of letters patent carry not only an assertion of right, but a presumption of validity, which is not to be lightly disregarded, because of some inconsistency which may be disclosed upon study of the file wrapper.

In this case the admissions relied upon as a basis of estoppel were made in support of.an application for the reissue of another patent. The Circuit Court of Appeals having ruled that the claims of the patent in suit were not abandoned upon reissue of the other patent, the defendant was bound to regard them as outstanding claims of patent right, which the patentee might, if he chose, seek to enforce in the courts, notwithstanding his ill-advised expression of opinion regarding their validity. There was no justification for treating these claims as if they had been abandoned, or for relying upon statements made in support of the application for reissue of another patent as an invitation or license to infringe them with impunity. It follows that the defense of estoppel cannot be sustained.

Plaintiff is entitled to a decree in the usual form.